UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADELISA LOPES,
        Plaintiff,

v.                                 C.A. No. 25-356MRD

DOLLAR TREE STORES, INC.,
        Defendant.

**MEMORANDUM AND ORDER GRANTING IN PART MOTION FOR
DISCOVERY REGARDING ARBITRABILITY**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

As alleged in the Complaint, Plaintiff Adelisa Lopes had worked at Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") Pawtucket, Rhode Island, store for seven years becoming an assistant manager, when she was terminated while on Family Medical Leave. ECF No. 1 ¶¶ 1, 8, 10, 17-23. On July 27, 2025, Plaintiff filed this case alleging that the termination amounted to retaliation and interfered with her rights under the Family Medical Leave Act, the Rhode Island Parental and Family Medical Leave Act and the Rhode Island Fair Employment Practices Act. ECF No. 1 ¶¶ 1, 8-10.

Instead of an answer, Dollar Tree filed a motion to stay and to compel arbitration. ECF No. 7. In a factually well-supported motion based on four declarations and authenticated documents, Dollar Tree claims that, in 2018, during Plaintiff's onboarding as a new employee, she electronically signed the 2016 version of Dollar Tree's Mutual Agreement to Arbitrate Claims ("Arbitration Agreement"). ECF No. 7-1 at 1-3. Then, in 2020, although she was not asked to sign it,[1] Plaintiff agreed to the 2020 version of the Arbitration Agreement by continuing

---

[1] As described by Dollar Tree, this is consistent with its approach to the 2020 version of its Arbitration Agreement, in that it was not presented to employees for signing; rather, notice of it, including its content and FAQs, was

to work at Dollar Tree after being repeatedly notified in three different ways that continued work was conditioned on her acquiescence to the Arbitration Agreement. Id. at 3-4. Both the 2016 version and the 2020 version (which replaced and supersedes the 2016 version) of the Arbitration Agreement provide that Plaintiff's employment claims in this case are subject to binding arbitration. ECF Nos. 7-2 at 5, 7; 7-3 at 3, 9. The 2020 version also contains a delegation clause, which provides that the arbitrator has "exclusive authority to resolve any disputes or claims regarding arbitrability or the formation, interpretation, validity, applicability, unconscionability, or enforceability of this Agreement or any provision of this Agreement." ECF No. 7-3 at 10.[2]

Dollar Tree cites numerous decisions from around the country in which courts have enforced its then-applicable version of its Arbitration Agreement, including the 2020 version, which employees do not sign but are bound to because it was made a condition of continued employment. See, e.g., Gordon v. Zeroed-In Tech., LLC, Civil No. 23-3284-BAH, 2025 WL 941365 (D. Md. Mar. 26, 2025) (granting Dollar Tree motion to compel arbitration pursuant to arbitration agreement electronically signed during application process and pursuant to the 2020 Arbitration Agreement); Villasenor v. Dollar Tree Distribution, Inc., Case No. EDCV 24-987-KK-DTBx, 2024 WL 4452853 (C.D. Cal. Aug. 6, 2024) (granting motion to compel pursuant to Dollar Tree arbitration agreement signed on-line during onboarding); Hamilton v. Fam. Dollar Stores of Missouri, LLC, Case No. 4:22-cv-00028-RK, 2022 WL 2345755 (W.D. Mo. June 29, 2022) (despite plaintiff's claims that she never heard of or was aware of signing 2014 Arbitration

---

provided to employees by posting notice of it in stores, mailing it to employees' residences, and placing a notation on employees' paystubs. ECF No. 7-1 at 3-4. Employees were advised that continuing to report to work at Dollar Tree on or after December 10, 2020, amounted to acceptance of the 2020 version of the Arbitration Agreement. Id.

[2] In Gordon v. Zeroed-In Tech., LLC, Civil No. 23-3284-BAH, 2025 WL 941365, at *3 (D. Md. Mar. 26, 2025), the court held that, by incorporating the JAMS rules, arbitration agreements previous to the 2020 version "reserve[d] the same questions [as those listed in the delegation clause] for the arbitrator's determination."

Agreement and denial that she received 2020 Arbitration Agreement or was aware of it by looking at her paystubs, court finds no genuine issue of fact placing contract formation in issue; based on 2020 Arbitration Agreement, action stayed pending binding arbitration). Dollar Tree contends that, whatever arguments Plaintiff may present to challenge the formation of the 2016 version, the 2020 version is the controlling Agreement in this case, and that the Court's role is exceedingly narrow due to its delegation of formation and arbitrability issues to the arbitrator.

      Plaintiff responded to the motion to compel arbitration with a declaration of her attorney averring only that Plaintiff's memory of her 2018 onboarding is inconsistent with Dollar Tree's description in its declarations, as well as that she would prefer to keep the dispute in court. ECF No. 8-2. During the hearing, Plaintiff's counsel further represented that, as to the 2016 version of the Arbitration Agreement, Plaintiff will say that her onboarding was tainted as described in Gordon, 2025 WL 941365, at *16, and other cases where the employee claims the manager controlled the computer and filled in the electronic forms for the employee being onboarded. However, as of this writing, Plaintiff has failed to make any such statement under oath. Regarding the 2020 version, Plaintiff's attorney suggests only that she will rely on the factual argument rejected by the court in Estrada v. Dollar Tree Stores, Inc., 8:23-cv-02172-FWS-JDE (C.D. Cal.), that some of the notices of the 2020 version state that it is replacing the "current Arbitration Agreement" and that its formation is therefore dependent on the Court finding that Plaintiff actually agreed to the 2016 version. See id. at ECF No. 23 at 4, 9-10 (order granting motion to compel arbitration). Otherwise, she has made no representation regarding her factual basis for challenging formation of the 2020 version of the Arbitration Agreement, indicating only that she will advance a legal argument that the lack of a signature renders that agreement unenforceable as a matter of Rhode Island law. But see Britto v. Prospect Chartercare SJHSRI,

3

LLC, 909 F.3d 506, 513 (1st Cir. 2018) (Rhode Island law is supportive of proposition that continued at-will employment provides sufficient independent consideration to make arbitration agreement enforceable).

To allow her time to develop facts to oppose the motion to compel arbitration, Plaintiff moved for more time to file her objection and for targeted discovery on arbitrability in aid of her objection. ECF No. 8. By joint motion (ECF No. 10), which the Court promptly granted, the parties agreed to a limited stay to delay Plaintiff's objection to the motion to compel arbitration pending decision on the motion for discovery on arbitrability. The motion to compel discovery on arbitrability (but not the potentially dispositive motion to compel arbitration) is referred to me for determination.

I. **Standard of Review and Applicable Law**

Section 4 of the Federal Arbitration Act ("FAA") prescribes the basis for court review of motions to compel arbitration:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4. To the extent that arbitrability is factually disputed, the district court should apply the summary judgment standard in Fed. R. Civ. P. 56 to evaluate an FAA motion to compel arbitration. Air-Con, Inc. v. Daikin Applied Latin Am., LLC, 21 F.4th 168, 174-75 (1st Cir. 2021). This requires the submission and consideration of evidentiary materials – including materials beyond those attached to the pleadings – in support of and opposition to a motion to compel arbitration. Id. at 175. If, when this factual record is reviewed in the light most favorable to the non-movant as required by Fed. R. Civ. P. 56, there are genuine disputes of

4

material fact, the court must "proceed summarily" to trial on the narrow question of whether the parties agreed to arbitrate. Id. (internal quotation marks omitted). Notably, the case law seems clear that a plaintiff's claim only that she cannot recall signing or being aware of an arbitration agreement is not sufficient to give rise to a disputed issue of fact. Boykin v. Fam. Dollar Stores of Michigan, LLC, 3 F.4th 832, 840 (6th Cir. 2021) (claim that plaintiff does not recall signing arbitration contract or receiving information about arbitration is not enough); Tinder v. Pinkerton Security, 305 F.3d 728, 735-36 (7th Cir. 2002) (affidavit stating plaintiff did not recall receiving arbitration materials did not create genuine factual dispute regarding formation of agreement).

In this Circuit as elsewhere, it is settled that, when the formation of the arbitration agreement is disputed, a party may seek limited discovery to support or oppose the motion to compel arbitration. Air-Con, Inc., 21 F.4th at 175. However, the law is also clear that such discovery – like the summary trial – must be "targeted" to the "disputed contract-formation questions." Id. (internal quotation marks omitted). "[R]ound after round of discovery is inappropriate." Id. (internal quotation marks omitted) (alteration in original). Further, limited discovery must be permitted even when (as here) the arbitration agreement delegates to the arbitrator the exclusive authority to determine issues of formation; that is, when a plaintiff disputes the very existence of the agreement, the court must make the threshold determination of formation regardless of whether such delegation clause exists. See Sinclair v. Wireless Advocs., LLC, No. 20-CV-60886-RAR, 2020 WL 6679192, at *4 (S.D. Fla. Nov. 12, 2020) (denying motion to compel arbitration without prejudice pending jury trial on whether plaintiff entered into arbitration agreement), on reconsideration, 2021 WL 865458 (S.D. Fla. Mar. 1, 2021) (granting motion to compel arbitration after jury trial); Immediato v. Postmates, Inc., Civil Action No. 20-12308-RGS, 2021 WL 828381, at *3 & n.5 (D. Mass. Mar. 4, 2021) (arbitration

agreement with delegation clause still requires court to determine whether valid agreement to arbitrate was entered into in first place pursuant to applicable state law; delegation clause cannot eliminate duty of court to make that determination), aff'd, 54 F.4th 67 (1st Cir. 2022). Thus, in a case involving a Dollar Tree arbitration agreement, the court held that a party who adequately puts the formation of an arbitration contract in issue may request discovery on contract formation. Boykin, 3 F.4th at 841. However, the scope of such discovery is dependent on whether, and based on what, the party opposing arbitration has presented to adequately put the formation of the agreement in issue. See Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d 764, 778-81 (3d Cir. 2013) (because plaintiff did not produce affidavit to support factual claim that she did not receive arbitration agreement, court questions whether plaintiff has supplied enough to trigger application of summary judgment standard and right to discovery; court finds enough in irregularities in face of documents produced by defendant).

## II.  Analysis and Rulings on Requested Discovery

Here, Plaintiff has presented very little to trigger her right to seek discovery in advance of application of the summary judgment standard; importantly, she has provided nothing factual to directly challenge formation of the operative 2020 version of the Arbitration Agreement. As to the 2020 version, she relies only on her argument that her factual challenge to having electronically signed the 2016 version herself supports the proposition that she is not bound by the 2020 version because it was limited to employees who were already subject to a "current" version, which she was not. Nevertheless, mindful of Dollar Tree's grievance that its compliance with even narrow discovery affords Plaintiff the opportunity to concoct a story to circumvent its additional (to what it has already provided) facts,[3] the Court finds that this is

---

[3] There is no question that Plaintiff's approach – providing as few facts as possible while seeking sweeping factual discovery from Dollar Tree – creates a risk for her. That is, if Plaintiff's facts launch the motion to compel

enough to afford Plaintiff the right to receive very limited discovery. Accordingly, the Court grants Plaintiff's motion for discovery, albeit narrowed by Plaintiff's failure to provide further factual foundation for her contention that the formation of a binding arbitration agreement is disputed, as well as by the 2020 Arbitration Agreement's delegation clause.

Turning to the specific discovery Plaintiff seeks, as the Court held at the hearing, it is overbroad and far exceeds the limited scope contemplated by Air-Con, Inc. For example, the Court rejects Plaintiff's contention that she is entitled to sweeping discovery to establish that Dollar Tree drafted and designed the 2020 version of its Arbitration Agreement to be sent to employees' homes based on its belief that many of its employees suffer from low literacy. Not only would such discovery require costly and burdensome electronic searching and burdensome – to both Dollar Tree and the Court – rounds of motion practice regarding attorney client/work product privilege, but also would be largely irrelevant as there is no foundation for the proposition that Plaintiff, an assistant manager, was targeted by Dollar Tree as a person of low literacy.

Mindful that Dollar Tree has already provided documents and information in the declarations filed in support of the motion to compel arbitration, the Court rules as follows on Plaintiff's proposed interrogatories, document requests and requests to admit.

Interrogatories:

Interrogatory 1 is allowed as it seeks the identity of the corporate representative who prepares the responses.

---

arbitration past summary judgment to summary trial, Plaintiff's credibility may be challenged based on her failure to provide her facts until after she learns what facts Dollar Tree is able to produce. The Court notes Plaintiff was cautioned regarding this risk at the hearing and chose to proceed without providing any additional facts.

Interrogatories 2, 7 and 10 are allowed to the extent that Dollar Tree must answer by providing information and describing documents (not already provided) pertaining to Plaintiff's onboarding at the Pawtucket store on April 10, 2018, including, to the degree now ascertainable, who was present, were other documents signed electronically, were any documents ink-signed by Plaintiff in-person, what is the memory of the manager who handled the onboarding regarding what specifically occurred (including the substance of any recalled communications with Plaintiff about the Arbitration Agreement), what is the memory of the manager who handled the onboarding regarding that person's usual practices in conducting employee onboarding with respect to on-line signing of the Arbitration Agreement and does any other Dollar Tree employee possess knowledge (not otherwise provided) regarding the specific circumstances of Plaintiff's onboarding and/or her on-line signing of the Arbitration Agreement on that day.  To the extent that these interrogatories seek more, they are overruled.

Interrogatory 3 is denied as overbroad in seeking "any" evidence that Plaintiff ever digitally signed any document.  However, Dollar Tree is ordered to provide information and supporting documents sufficient to support any claim it might hereafter make that Plaintiff was capable of and did digitally sign documents.

Interrogatory 4 is allowed to the extent that Dollar Tree must confirm that the documents already provided constitute all relevant communications of which it is aware; to the extent that it is aware of any communication not previously provided, it shall comply by providing information regarding the communication and/or by producing the document to the extent that the communication was written and the document can be located.

Interrogatories 5-6 and 9 are denied because they seek sweeping information regarding arbitrations and arbitration agreements other than the one in issue in this case that is not relevant

8

to the narrow issue in dispute here and that would be disproportionally burdensome to produce. The Court notes that Dollar Tree has already provided citations to cases that specifically address various versions of its Arbitration Agreement, their validity and enforceability, including cases based on the allegation that a manager prevented the new employee from seeing or signing the on-line forms. There is one exception: Interrogatory 9[4] is allowed to the extent that Dollar Tree shall provide information and describe documents regarding its awareness that the manager who actually conducted Plaintiff's onboarding at the Pawtucket store on April 10, 2018, had a practice of conducting onboardings by filling in on-line forms him/herself and preventing the prospective employee from seeing the forms, which practice actually or likely was used during Plaintiff's onboarding.

Interrogatory 8 is denied because Dollar Tree has already provided information regarding its onboarding process as it pertains to this case. To the extent that Plaintiff seeks every one of Dollar Tree's policies and procedures that relate in any way to the initiation of employment, the interrogatory is denied as overbroad, burdensome and disproportional.

Document Requests:

The Court orders Dollar Tree to produce the documents that are described in or relate to the interrogatory answers allowed above, including without limitation such documents as may be found in a "so-called" personnel file for Plaintiff.[5] The Court further orders Dollar Tree to

---

[4] The Court notes that this is a shift from the oral order issued on Interrogatory 9 during the hearing. At the hearing, the Court was confused by the wording of this interrogatory and overruled it as irrelevant because there is no allegation in this case that someone other than Plaintiff signed the 2016 version of the Arbitration Agreement. On further reflection, the Court amends this ruling to require Dollar Tree to respond, but only if it is aware that the manager who conducted Plaintiff's onboarding either filled in the on-line forms him/herself, or had a settled practice of doing so, permitting the inference that it was done during Plaintiff's onboarding.

[5] Mindful of Defendant's argument that in the present digital environment, the identification of what may be considered to be either part of or not part of a "personnel file" is an artificial construct derived from a time when the personnel file was in a paper folder, the Court does not order production of whatever might constitute Plaintiff's

comply with Document Request 8 by producing any other documents (beyond what has already been provided) related to any alleged agreement to arbitrate between Dollar Tree and Plaintiff. To the extent that Plaintiff seeks the production of other documents, the requests are denied as overbroad, burdensome and disproportional.

Requests to Admit:

Requests 1-2 and 5 are allowed.

Request 3 is denied as overbroad and irrelevant to the issue of formation of the Arbitration Agreement between Plaintiff and Dollar Tree.

Request 4 is allowed to the extent that Dollar Tree is asked to admit or deny that at least one document was ink-signed during Plaintiff's onboarding at the Pawtucket store on April 10, 2018. Otherwise, Request 4 is denied as overbroad (particularly to the extent that it focuses on "hiring") and vague (to the extent that it focuses on "a number of papers"). ECF No. 8-3 at 4.

Timing:

In light of the intervening holidays, the Court orders that Defendant's discovery responses shall be provided to Plaintiff on or before January 9, 2026. As the parties agreed during the hearing, Plaintiff's time to file her opposition to the pending motion to compel should be further extended following Dollar Tree's production to accommodate her need to review the addition material; accordingly, the Court orders that Plaintiff's opposition to the pending motion to compel arbitration is due on February 12, 2026.[6]

## III.    Conclusion

---

entire "personnel file." Rather, Dollar Tree is ordered to produce any document, wherever located or stored, that pertains to Plaintiff's agreement or failure to agree to the 2016 and 2020 versions of the Arbitration Agreements.

[6]After oral argument on the motion, but before the Court issued this decision, the parties filed a joint motion to amend response deadlines consistent with these dates. ECF No. 13. The Court has granted the motion. Text Order of December 8, 2025.

Based on the foregoing, Plaintiff's motion for discovery on arbitrability (ECF No. 8) is

GRANTED in part and DENIED in part.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 10, 2025